IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENNETH EUGENE REINHOLTZ                                              PLAINTIFF

     v.                                    CIVIL NO. 13-2174

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

     Plaintiff, Kenneth Eugene Reinholtz, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. §405(g).

**I. Procedural Background**

     Plaintiff protectively filed his application for DIB and SSI on June 23, 2012, alleging an inability to work since June 23, 2012, due to back problems. (Tr. 13, 179). For DIB purposes, Plaintiff's date last insured is December 31, 2016. (Tr. 220). Plaintiff's claim was denied initially and on reconsideration. An administrative hearing was held on December 23, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 25-57).

At the time of the administrative hearing, Plaintiff was thirty-six years of age and possessed a GED. (Tr. 19 ). Plaintiff had past relevant work ("PRW") experience as a garbage collector, auto mechanic, and diesel mechanic. (Tr. 19, 34-35).

By a written decision dated January 11, 2013, the Administrative Law Judge ("ALJ") determined that Plaintiff had the following severe impairments: "chronic low back pain syndrome, a herniated nucleus pulposis at the L5-S1 level status post discectomy, and bursitis of the right hip." (Tr. 15). After reviewing all of the evidence presented, however, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). (T. 16). With the help of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his PRW, but could perform the requirements of representative occupations such as jewelry assembler and billing clerk. (Tr. 19-20). The ALJ then found that Plaintiff had not been under a disability during the relevant time period. (Tr. 20).

Plaintiff requested a review of the hearing decision by the Appeals Council on March 14, 2013 (Tr. 7-9), which denied that request on May 18, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeals briefs, and the case is ready for decision. (Doc. 11, 12).

**II. Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

      It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at lease one year and that prevents him from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

## III. Discussion

The Court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

**A. Step Two Analysis:**

Plaintiff argues that the ALJ erred by not finding that his sensorineural hearing loss, myopic astigmatism, and internal hemorrhoids were severe impairments. (Pl. Br. 11-12). Plaintiff also argues that the ALJ did not consider these impairments, in combination with the severe impairments that the ALJ determined. (Pl. Br. 12).

Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step two, the claimant bears the burden of proving that he has a severe impairment. *Nguyen v. Chater*, 75 F.3d 429, 430-431 (8th Cir. 1996). An impairment or combination of impairments is not severe if there is no more than a minimal effect on the claimant's ability to work. *See, e.g., Nguyen*, 75 F.3d at 431.

4

The ALJ wrote that he considered all of Plaintiff's conditions, and he specifically discussed Plaintiff's hearing loss. The ALJ determined that Plaintiff's hearing loss was not a severe impairment because it had no more than a minimal effect on his ability to do basic work activities, and because Plaintiff "stated his hearing loss did not interfere with his ability to work." (Tr. 15). The ALJ also set forth that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is severe or a combination of impairments that is severe." (Tr. 14). The ALJ also stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 14). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).

Plaintiff's activities of daily living, the absence of evidence that his other conditions were severe impairments, and his testimony confirm the ALJ's step two determination. In his disability application, Plaintiff only listed "back problems" as the basis for his disability claim. (Tr. 178). Plaintiff's failure to allege any other impairments in his application was significant, even if the evidence of the impairment was later developed. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001). Plaintiff also did not acknowledge that he had a condition that affected his ability to see or hear when prompted by a query in his Function Report Questionnaire. (Tr. 217). In his testimony, Plaintiff did not address his hearing, vision, or hemorrhoid conditions. After Plaintiff's testimony about his back and hip pain, the ALJ asked, "is there anything else wrong." Plaintiff replied, "nothing that's more than what a 36 year old kid, or man should have, I guess; aches and pains. " (Tr. 37).

5

A review of the record also shows that Plaintiff's hearing, vision, and hemorrhoid conditions were not severe impairments. Plaintiff's vision was correctable by glass or contacts, his only complaint was that he had trouble driving at night because of glare. (Tr. 321-322). The examining VA physicians, Dr. Edwin Hankins and Dr. Andrea Sieczkowski, additionally opined that Plaintiff's vision and hearing conditions "did not affect his daily life, including his ability to work." (Tr. 283, 290-291). As for Plaintiff's internal hemorrhoids, the condition was diagnosed during his military service and predated several years of employment. When a claimant has worked with an impairment, the impairment cannot be considered disabling without a showing that there has been a significant deterioration in that impairment during the relevant period. *See Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990).

Plaintiff's testimony and application documents and the objective medical evidence in the record, shows that Plaintiff's vision, hearing, and hemorrhoid conditions were treatable or minor conditions. Accordingly, the Court finds there was substantial evidence to support the ALJ's step two determination.

**B. Residual Functional Capacity:**

RFC is the most a person can do despite that person's limitations, and is assessed using all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393. F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404. 1545(a)(3). A "claimant's RFC is a medical question, therefore, an ALJ's RFC determination must be supported by medical evidence that

addresses the claimant's ability to function in the workplace." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is required to set forth with specifics a claimant's limitations and to determine how those limitations affect a claimant's RFC. *Id*.

### 1. Credibility Analysis:

Plaintiff argues that the ALJ mischaracterized his daily activities and believes the ALJ should have given more weight to his positive work history and the medical evidence that corroborated his alleged limitations. (Pl. Br. 14). The ALJ found that Plaintiff was not credible based, in part, on Plaintiff's daily activities, which "included performing personal care and household chores, caring for his young daughter during the day while his wife worked, preparing meals, driving and shopping alone, which was inconsistent with disabling pain." (Tr. 18).

In determining a claimant's RFC, "the ALJ must first evaluate the claimant's credibility." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2002). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered." *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). The Court should, "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012).

After reviewing the record, the Court finds that the ALJ performed a proper *Polaski* analysis. Along with discussing the *Polaski* factors, the ALJ identified Plaintiff's activities of daily living,

care for his children, activities outside the home, failure to follow up with a recommended steroid injection, behavior at the administrative hearing, and the medical evidence as factors that were inconsistent with Plaintiff's claimed limitations. (Tr. 18-19). The ALJ's descriptions of Plaintiff's activities were consistent with Plaintiff's testimony and function report, and were not mischaracterized as Plaintiff claimed in his brief. Although the ALJ found that Plaintiff was not entirely credible, the ALJ also considered evidence that supported Plaintiff's credibility, such as his record of military service and documented back pain. (Tr. 17-18).

Other evidence in the record supports the ALJ's credibility conclusion. On July 19, 2012, after filing his claim for disability, Plaintiff called the VA and requested a return to work letter. (Tr. 407-408). An intention to return to work indicated that Plaintiff was not disabled and that his limitations were not as severe as alleged. *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994). Plaintiff testified at the hearing that he "tries to exercise" and can walk more than a mile. (Tr. 40). Plaintiff also told his physicians in November 2011 and July 2012 that his pain medications treated his chronic pain. (Tr. 342, 409). Conditions which can be controlled by medication are not disabling. *Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009). While Plaintiff's back pain was documented by several physicians, the record as a whole demonstrates that Plaintiff could perform sedentary work and that his back pain did not make him as immobile as alleged.

The record shows that the ALJ properly considered the *Polaski* factors, and substantial evidence in the record supported the ALJ's credibility determination. The ALJ was in the best position to gauge the credibility of testimony, and his findings about Plaintiff's credibility are granted deference. *See Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).

**2. RFC Determination:**

Plaintiff argues that the ALJ failed to consider the opinion of Dr. John Pullman, Plaintiff's treating physician, who opined that Plaintiff should not repeatedly bend or stoop, and the opinion of Dr. Alice Davidson, the State's non-examining physician, who found that Plaintiff could only occasionally climb, balance, stoop, kneel, crouch, and crawl, and could not do any jobs requiring excellent high frequency hearing. (Tr. 423-425, 547). (Pl. Br. 22). As a result, Plaintiff believes that the ALJ erred by not including any postural or hearing limitations in his RFC determination. (Pl. Br. 10-11).

Dr. Pullman limited Plaintiff to lifting less than fifteen pounds and prohibited repeated bending, stooping, or strenuous activity during a three month post-surgery recovery period. (Tr. 431, 437). The ALJ treated these limitations as if they were continuing even though Dr. Pullman did not address limitations after a three month post-operation period. (Tr. 18). Dr. Davidson, in her physical RFC assessment, indicated that Plaintiff was even more limited. She opined that Plaintiff could not lift more than ten pounds occasionally, that he could lift less than ten pounds frequently, and that he could only occasionally climb, balance, stoop, kneel, crouch, or crawl. (Tr. 422-423). Dr. Davidson additionally opined that Plaintiff had a hearing limitation and wrote, "he should avoid jobs requiring excellent high frequency hearing." (Tr. 425). The ALJ assigned significant weight to Dr. Pullman and Dr. Davidson's opinions before determining that Plaintiff had the RFC to perform the full range of sedentary work. (Tr. 16, 19).

Sedentary work is defined in CFR § 404.1567 as work that involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. The assigned RFC of sedentary work was consistent with Dr. Davidson and Dr. Pullman's medical opinions about Plaintiff's lifting and postural limitations. The ALJ, however, did not

9

include the hearing limitation from Dr. Davidson nor explain why the limitation was not included, other than noting that Plaintiff "stated his hearing loss did not interfere with his ability to work." (Tr. 15).

We have found that when an ALJ fails to include a limitation in an RFC, and the inclusion of that limitation would have altered a Plaintiff's ability to perform his PRW or other jobs in the national economy, remand is necessary. *See Hill v. Colvin,* 2014 WL 6668391 (W.D. Ark. 2014). In this case, however, the error did not affect the ALJ's ultimate determination that the Plaintiff was able to perform the representative occupations listed in the decision. All of the employment positions the ALJ determined Plaintiff was capable of performing–jewelry assembler and billing clerk–did not require excellent high frequency hearing according to the Dictionary of Occupational Titles. (Tr. 19-20, 46-49).[1] Even assuming that the ALJ had included a hearing limitation, Plaintiff would still have been found to be physically capable for these positions. The error, therefore, was harmless. *See generally Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008); *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008).

**C. Vocational Expert Testimony:**

Testimony from a VE based on a properly phrased hypothetical question is substantial evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996). The ALJ's hypothetical question needs to include only the impairments that the ALJ finds are substantially supported by the record as a whole. *Id*. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993).

The VE testified that a person of plaintiff's age, education, and work background with the above RFC, could still perform work as a jewelry assembler and billing clerk. (Tr. 47-48). The

---

[1]

Court believes the hypothetical questions the ALJ posed to the VE adequately set forth the impairments which the ALJ accepted and which were supported by the record as a whole. *See Goff*, 421 F.3d at 794. The VE's response to these hypothetical questions constitute substantial evidence that Plaintiff's impairments did not preclude him from performing work as a jewelry assembler and billing clerk. *See Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996).

**D. Conclusion:**.

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this day 15th of December 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)